UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA J. BOWMAN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-02623-X |
| § | |
| CENLAR FSB and CITIZENS § | |
| BANK NA, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Pamela Bowman's motion for a preliminary injunction to prevent the foreclosure sale of at property at 4429 Potomac Ave., Dallas, Texas 75205 from occurring. The Court previously granted Bowman's emergency motion for a temporary restraining order to prevent the foreclosure sale from occurring on November 2, 2021, and then held an evidentiary hearing on the request for a preliminary injunction. After the hearing, defendants Cenlar FSB ("Cenlar") and Citizens Bank ("Citizens") filed a motion to take judicial notice. (Doc. No. 11). The Court **GRANTS** the motion.[1] And for reasons explained below, the Court **DENIES** Bowman's request for a preliminary injunction. (Doc. No. 4).[2]

---

[1] The motion is unopposed and the corresponding document (the assignment of judgment filed in the real property records of Dallas County) meets the requirements for judicial notice.

[2] Bowman's request was for a temporary restraining order (which the Court previously granted), a preliminary injunction (which the Court hereby denies), and a permanent injunction. As to the permanent injunction aspect of the motion, due process concerns motivate courts to grant or deny permanent injunction requests only after discovery. That has not occurred yet in the case, so the motion for permanent injunction is denied without prejudice.

1

## I.  BACKGROUND

On February 27, 2007, plaintiff Pamela Bowman and her then-husband Bruce W. Bowman executed a Texas Home Equity Note in the principal amount of $975,000.00.  The Bowmans also executed a Texas Home Equity Security Instrument, which secured repayment of the note by placing a lien on the property at 4429 Potomac Ave., Dallas, Texas 75205.  The original lender was ABN Amro Mortgage Group, Inc., which subsequently merged into CitiMortgage, Inc.

In 2014, the Bowmans defaulted on the loan in question.  CitiMortgage exercised the loan agreement's acceleration clause.  The Bowmans responded by filing suit in Dallas County court, arguing that the loan agreement violated the Texas Constitution, among other claims.  CitiMortgage removed the case to federal court and brought a counterclaim seeking authorization to foreclose on the property.  In 2018, United States District Judge Jane Boyle granted summary judgment for CitiMortgage and authorized CitiMortgage to proceed with a foreclosure sale pursuant to the note, security instrument, and Texas Property Code section 51.002.[3]  The Fifth Circuit affirmed in 2019.[4]  CitiMortgage, which had transferred the note to Citizens during the litigation, assigned this judgment to current note holder Citizens and recorded this assignment in the real property records of Dallas County.[5]

---

[3] *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2018 WL 1899200 (N.D. Tex. Apr. 20, 2018) (Boyle, J.).

[4] *Bowman v. CitiMortgage Inc.*, 768 F. App'x. 220, 224 (5th Cir. 2019).

[5] Doc. No. 11 Ex. 1.

2

Now, Citizens's mortgage servicer, Cenlar, seeks to hold a foreclosure sale of the property as authorized by Judge Boyle's order. Bowman filed an action in state court to prevent the sale from occurring, and Cenlar and Citizens removed to this Court based on diversity jurisdiction. The Court granted Bowman's emergency motion for a temporary restraining order to prevent the foreclosure sale from occurring on November 2, 2021, and the parties appeared for an evidentiary hearing before the Court on November 9, 2021 on the request for a preliminary injunction.

## II.     LEGAL STANDARD

To receive a preliminary injunction, a plaintiff must establish:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[6]

The Court considers first whether Bowman has satisfied the first element. "To assess the likelihood of success on the merits, a court looks to standards provided by the substantive law."[7]

## III.     ANALYSIS

To determine whether Bowman has demonstrated a substantial likelihood of success on the merits, the Court considers each of her arguments based on substantive Texas law. First, Bowman claims that the defendants failed to comply with the relevant statute of limitations because they failed to hold the foreclosure

---

[6] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[7] *Id.* (cleaned up).

3

sale within four years of the exercise of the acceleration clause on March 15, 2015, which both parties agree is the date upon which the cause of action accrued. Section 16.035(a) of the Texas Civil Practice and Remedies Code requires that "a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Meanwhile, under section 16.035(b), "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues."

"[T]he plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitations period, but rather requires only that the party seeking foreclosure bring suit not later than four years after the day the cause of action accrues."[8] A mortgagee does not need to satisfy both section 16.035(a) and (b).[9] After all, were compliance with both required, section 16.035(a) would have no operative effect: if a section 16.035(a) foreclosure suit occurs, it is always before the corresponding foreclosure sale.[10] So here, by filing its counterclaim

---

[8] *Metcalf v. Wilmington Sav. Fund Soc'y, FSB*, No. 03-16-00795-CV, 2017 WL 1228886, at *4 (Tex. App.—Austin Mar. 29, 2017, pet. denied) (cleaned up). *See also Pittman v. Seterus, Inc.*, No. 3:18-CV-3076-M-BH, 2019 WL 2425196, at *5 (N.D. Tex. May 10, 2019) (Ramirez, M.J.), *report and recommendation adopted*, No. 3:18-CV-3076-M, 2019 WL 2425189 (N.D. Tex. June 6, 2019) (Lynn, C.J.), *aff'd*, 786 F. App'x 14 (5th Cir. 2019); *Maluski v. Rushmore Loan Mgmt. Servs., LLC*, No. 14-17-00233-CV, 2018 WL 4780794, at *7 (Tex. App.—Houston [14th Dist.] Oct. 4, 2018, no pet.).

[9] *Pittman*, 2019 WL 2425196 at *6.

[10] At least one Texas court has expressly rejected the argument that section 16.035(a) applies only to a suit seeking an order for sheriff's sale under Texas Rule of Civil Procedure 309. *See Metcalf*, 2017 WL 1228886, at *4. And a rejection of this limitation of section 16.035(a)'s applicability is obviously implicit in the legion cases applying section 16.035(a) to foreclosures under section 51.002 of the Texas Property Code. Bowman does not contend that section 16.035(a) does not apply to foreclosures under section 51.002.

4

for judicial foreclosure on March 24, 2015, CitiMortgage satisfied the relevant statute of limitations.

Second, Bowman argues that Cenlar lacks authority to foreclose as the mortgage servicer via its agreement with Citizens. Because Judge Boyle's order authorized CitiMortgage to foreclose without mentioning either Citizens or any successor in interest generally, Bowman contends that only CitiMortgage itself has authority to foreclose under the order, notwithstanding the transfer of the note and assignment of the judgment to Citizens.[11] But Bowman points to no legal authority whatsoever for the principle that a judge's order authorizing foreclosure must expressly allow assignment of the order to a successor for such assignment to occur.

Indeed, the Court notes that the underlying judicial order in a very similar case, *Maluski v. Rushmore Loan Management, LLC*,[12] by its express terms authorized the note holder at the time of the order to foreclose without mentioning assignment.[13] The note was subsequently transferred three times and, six years after the Fifth Circuit had affirmed the underlying order and ten years after the cause of action had accrued, the mortgage servicer for the current noteholder sought to hold a foreclosure sale of the property based on the underlying order.[14] The Fourteenth Court of Appeals affirmed the trial court's conclusion that the section 16.035(a) statute of limitations

---

[11] Cenlar and Citizens counter by pointing out that CitiMortgage attached multiple appendices to its summary judgment motion in the prior litigation that stated that the note had been transferred to Citizens.

[12] 2018 WL 4780794.

[13] *Maluski v. U.S. Bank, N.A.*, No. H-07-0055, 2008 WL 5102013, at *8 (S.D. Tex. Dec. 1, 2008), *aff'd*, 349 F. App'x 971 (5th Cir. 2009).

[14] 2018 WL 4780794, at *1–2.

was satisfied by the earlier noteholder's timely suit that resulted in the underlying order.[15] Likewise, this Court disagrees with Bowman that the prior Court order allowing CitiMortgage to foreclose forbids assignees and their mortgage servicers from foreclosing.

Finally, Bowman argues that Cenlar cannot foreclose as Citizens's mortgage servicer because it has not produced its mortgage servicing agreement. Under section 51.0025, a mortgage servicer may administer the foreclosure of property so long as (1) "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage" and (2) "[relevant foreclosure sale notices disclose] that the servicer is representing the mortgagee under a servicing agreement." Specifically, section 51.0025(2) requires that:

> the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and: (A) the address of the mortgagee; or (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

Section 51.002(b), in turn, requires that:

> notice of the [foreclosure] sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by: (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold; (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

---

[15] *Id* at *8.

Bowman admits that Cenlar sent her a letter in late September 2021 notifying her that Cenlar planned to hold a foreclosure sale on behalf of Citizens on November 2, 2021,[16] and further admits that Cenlar has complied with all of section 51.0025(2)'s—and by incorporation section 51.002(b)'s—notice requirements.[17] While Bowman contends that the mortgage servicer must go beyond the notice requirements of sections 51.0025(2) and section 51.002(b) and also produce the servicing agreement itself in order to foreclose, the Fifth Circuit expressly explained to her in her previous case that this is not so: "the Property Code does not have a specific requirement that a servicing agreement be produced."[18]

Having considered Bowman's arguments, the Court concludes that Bowman has not demonstrated a substantial likelihood of success on the merits. Because Bowman has not satisfied this first element for a preliminary injunction, the Court need not analyze the other elements.

## IV. CONCLUSION

For the foregoing reasons, Bowman's request for a preliminary injunction is **DENIED**.

**IT IS SO ORDERED** this 15th day of November, 2021.

_____

---

[16] Evid. Hr'g Tr.

[17] Doc. No. 17 at 4.

[18] *Bowman v. CitiMortgage Inc.,* 768 F. App'x. at 224. The Fifth Circuit also looked to the servicer's letter to the homeowner stating it was the servicer. *Id.*

7

                                                    BRANTLEY STARR  
                                                    UNITED STATES DISTRICT JUDGE